# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

PRESBYTERIAN HEALTH CARE, INC., a
non-profit corporation, d/b/a Presbyterian
Hospital,

       Plaintiff,

v.                                                     No. CIV 97-1204 BB/RLP

JUNE SAYKALLY, and the ESTATE OF
GEORGE SAYKALLY,

       Defendants/Third Party Plaintiffs,

v.

UNITED STATES OF AMERICA, acting
through its Agency, the Veterans
Administration and the Veterans
Administration Medical Center,

       Third Party Defendant.

## MEMORANDUM OPINION AND ORDER
## DISMISSING THIRD PARTY COMPLAINT
## AND REMANDING TO STATE COURT

THE original lawsuit was initiated by Presbyterian Health Care, Inc., in the New Mexico State District Court to collect for medical expenses incurred by the late George Saykally. The Defendant, June Saykally on behalf of the Estate, filed a Third Party Complaint against the United States and removed the action to this

Court. This matter is now before the Court on the motion of the United States, on behalf of the Veterans Administration and the Veterans Administration Medical Center ("VA"), to dismiss or in the alternative for summary judgment, and the Court having considered the briefs of counsel and being fully advised, unfortunately FINDS the established law requires the motion be Granted.

## Standard of Review

In addressing a motion to dismiss, this Court is required to accept as true all well-pleaded facts alleged in Plaintiff's complaint. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1266 (10th Cir. 1989). However, since both parties rely on facts outside the pleadings, the Court will also consider the VA's claim of entitlement to a summary judgment.

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must

be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider the VA's motion in light of these standards.

**Facts**

The Decedent, George Saykally, was under the medical care of, and being treated by, the VA. On the date of the event as he was being transported by emergency medical services to the Veterans Hospital in Albuquerque, he was diverted to Presbyterian Hospital's emergency room by the emergency physician at the Veterans Hospital. (Dep. of Brian Lynch, ¶¶ 17-22). Presbyterian Hospital treated Decedent and billed the VA for the services. (Aff. of Wanda Baca). The VA denied the claim. Presbyterian Hospital then instituted this action.

**The Arguments**

The VA argues that Third Party Plaintiffs' claims seek district court review of the VA's determinations of an individual benefit claim. Mem. Supp. at 2. Third Party Plaintiffs counter that "[j]udicial review of this matter is not prohibited by 38 U.S.C. § 511 because the matter is a contractual claim arising out of the contractual duties to the Plaintiff and the Defendants/Third Party Plaintiffs." (Third Party Pls.' Resp. at 1). Although it offends the Court's sense of equity, it appears the VA's position is consistent with prevailing law and the

Court must conclude that even if the denial of Decedent's claim was subject to judicial review, the United States Court of Veterans Claims rather than this Court would be the appropriate forum.

## **Discussion**

Federal statutes and regulations administered by the Secretary of Veterans Affairs control both the Court's jurisdiction and the outcome of an appeal over denial of benefits. 38 U.S.C. § 1703 and 38 C.F.R. §§ 17.52-.55. Under these regulations whether the costs of such care will be paid by the VA is a benefit determination made by the Secretary of Veterans Affairs. *Id.* District court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessor § 211. *Johnson v. Robinson*, 415 U.S. 361, 369-73 (1974); *Weaver v. United States*, 98 F.3d 518 (10th Cir. 1996). *See also* Jean F. Rydstrom, Annotation, *Validity, Construction, and Application of 38 USCS § 211(a) Precluding Judicial or Other Review of Administrative Decisions on Veterans' Benefits*, 18 A.L.R. Fed. 915 (1974).

Even if the VA's denial of Third Party's claim was judicially cognizable, however, this federal district court is not the proper forum. *Hiljer v. Walters*, 749 F.2d 1553 (11th Cir. 1985); *Davis v. United States*, 36 Fed. Cl. 556 (1996); *Bell v. Veterans Admin.*, 946 F. Supp. 479 (N.D. Tex. 1996). The Court of Veterans

Appeals was established for the purpose of determining whether such claims are judicially reviewable and providing such review when appropriate.  *Williams v. United States*, 932 F. Supp. 357, 362 (D.D.C. 1996); *Zuspann v. Brown*, 864 F. Supp. 17, 20 (W.D. Tex. 1994).

Finally, precedent from the Court of Veterans Appeals suggests the present Third Party Complaint may not state a claim.  It is not enough the VA physician instructed an ambulance to divert a veteran to a private facility.  *Malone v. Gober*, 10 Vet. App. 539 (1997).  The veteran must further demonstrate the treatment was for service connected conditions and that the care was authorized by appropriate VA authorities in advance.  *Id.  See also Zimick v. West*, 11 Vet. App. 45 (1998).

## **O R D E R**

For the above stated reasons, this Court lacks jurisdiction to review the veteran's benefit decision which is the basis of the Third Party Complaint.  Third Party Defendant's motion to dismiss is **GRANTED,** and the Third Party Complaint is **DISMISSED**.  Since this Court lacks jurisdiction over the Third Party claim and the original claim does not involve a federally cognizable complaint, this matter is **REMANDED** to the Second Judicial District Court of the State of New Mexico.

Dated at Albuquerque this 3rd day of June, 1998.

                                                 _____
                                                 BRUCE D. BLACK
                                                 United States District Judge

Counsel for Plaintiff:
      Robert G. Sloan, Albuquerque, NM
Counsel for Defendants:
      John V. Nilan, Steven Vogel, Albuquerque, NM
Counsel for Third Party Defendant:
      Marilyn S. Hutton, AUSA, Albuquerque, NM